155 N.J. Super. 571 (1978)
383 A.2d 133
ISLAND IMPROVEMENT ASSOCIATION OF UPPER GREENWOOD LAKE, A CORPORATION, PLAINTIFF-APPELLANT,
v.
EDWARD W. FORD, ISAIAH MINKOFF AND EDWARD HARRIS, INDIVIDUALLY AND AS REPRESENTATIVES OF A CLASS OF PERSONS CONSISTING OF OWNERS OF REAL PROPERTY IN THE ISLAND SECTION OF UPPER GREENWOOD LAKE, WEST MILFORD TOWNSHIP, NEW JERSEY, AND THEIR HEIRS AND ASSIGNS, AND OTHERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1977.
Decided January 24, 1978.
*572 Before Judges FRITZ, BOTTER and ARD.
Messrs. Hunziker, Hunziker & Jones, attorneys for appellant (Mr. Walter J. Hunziker, Jr., on the brief).
*573 Mr. Edward W. Ford, respondent, pro se.
Messrs Lowenstein, Sandler, Brochin, Kohl & Fisher, attorneys for respondent Isaiah Minkoff (Mr. Alan V. Lowenstein on the brief).
Messrs. Dolan and Dolan, attorneys for amicus curiae Awosting Association, Inc., Lakeside Community Club, Inc., Lindy's Lake Association, Inc., Pine Cliff Lake Community Club, Inc., and Shady Lake Park Property Owners Association (Mr. Francis E. Bright, on the brief).
No brief was filed on behalf of respondent West Milford Township.
The opinion of the court was delivered by FRITZ, P.J.A.D.
Appellant, a nonprofit voluntary association organized to raise funds to maintain the roads in a privately developed residential area of Upper Greenwood Lake, brought a class action against the owners of the residential properties in the area to compel all these owners to contribute to road maintenance costs. The township, West Milford, was also joined as a defendant.
There seems to be no factual question but that (1) title to the roads is in a private association, the grantor of the deeds to the individual purchasers, (2) an express easement to use the roads was conveyed to each property owner and (3) none of the deeds to the individual owners imposes any contractual obligation on the owners to maintain the roads.
At the end of plaintiff's case the trial judge granted defendants' motions to dismiss. He came to this conclusion with respect to the individual owners on the ground that there was no contractual obligation imposed on or assumed by those owners and he lacked the authority to "clothe the [plaintiff] association with quasi municipal authority." He granted the motion of the township on the basis of this being *574 "a dedicated but unaccepted road * * * guided by R.S. 40:150-1."
We turn first to the matter of the township's involvement. Appellant appealed from the dismissal of the cause of action asserted against the township. However, the issue thus preserved is not addressed in its brief, unless it be in the short, undocumented entreaty in its final point imploring us to find an "imaginative and definitive solution" to the problem. Appellant's failure to offer us assistance on its appeal in this regard is not surprising: the trial judge was manifestly correct. The municipality has no obligation with respect to private roads although it can assume a part or all of that obligation. N.J.S.A. 40:67-23.1.[1] The judgment of dismissal in favor of the township is affirmed.
No contractual obligation having been undertaken by the individual owners, we look to see if any obligation is imposed on the dominant tenement by law. While Ingling v. Public Service Elec. & Gas Co., 10 N.J. Super. 1 (App. Div. 1950) concerns itself with a different type easement and with problems of a somewhat different nature, we are satisfied that it correctly imposes upon the owner (or owners) of a dominant tenement  in the case before us an easement over lands of another  the duty of maintenance and repair. The right of the dominant tenant to maintain and repair has been recognized as an incident to the beneficial use of the easement. Hyland v. Fonda, 44 N.J. Super. 180, 189-190 (App. Div. 1957); Restatement, Property, § 485 at 3023 and especially (c) at 3025 (1944). Convinced that with the benefit ought to come the burden, absent agreement to the contrary, we hold that the obligation to maintain devolves upon the dominant tenant. 2 Thompson, Real Property, § 428 at 709 (1961). This is certainly the rule where *575 the easement is solely for the benefit of the dominant estate. Thompson, supra, § 429 at 711-712; Borgel v. Hoffman, 219 Pa. Super. 260, 280 A.2d 608 (Super. Ct. 1971); Lynch v. Keck, 147 Ind. App. 570, 263 N.E.2d 176 (App. Ct. 1970). In our judgment there are compelling equitable reasons to apply the rule to the situation before us even though there may well be incidental use of these roads by others than the individual landowners.
We make it abundantly clear that by the enunciation of this rule we are not establishing plaintiff-appellant as a "quasi-municipal" agency. As a matter of fact we do not even suggest what the relationship or obligations, administrative or otherwise, of the appellant association should be in the scheme of things. Further we are not mandating a joining of the association by those of the individual owners who are not members. We are merely declaring the obligation of all the individual owners to contribute to the repair and maintenance of the easement in question.
Affirmed in part; reversed in part. The matter is remanded to the Chancery Division for further proceedings consistent with the foregoing, including the fashioning of a remedy. We do not retain jurisdiction. No costs.
NOTES
[1] N.J.S.A. 40:150-1, cited by the trial judge, was repealed, effective October 27, 1975, by L. 1975, c. 243, § 2. However, it was replaced on the same date by § 1 of the same chapter. N.J.S.A. 40:67-23.1.