598 A.2d 1024

**MEADOW RUN AND MOUNTAIN LAKE PARK ASSOCIATION, Appellee,**

v.

**Elmer BERKEL and Helen Berkel, Appellants.**

Superior Court of Pennsylvania.

Argued Aug. 29, 1991.

Filed Nov. 7, 1991.

---

638

Robert J. Kunec, Wilkes–Barre, for appellants.

Arthur L. Piccone, Wilkes–Barre, for appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment entered after Appellant's motion for post trial relief was denied. Appellant contends that the trial court erred in finding that Appellee, Meadow Run and Mountain Lake Park Association, has the authority to assess the Appellants for the maintenance of the development's roads, dams and other common facilities. For the reasons set forth, we affirm.

The relevant facts are as follows. Appellants are lot owners in the development known as Meadow Run and Mountain Lake Park. Appellee is an association of the lot owners in this development. In 1982, Appellee acquired ownership of the lakes, dams, roads, and other common areas in the development. From 1982 to 1984, Appellee relied upon the voluntary contributions of the lot owners for the maintenance expenses of the common areas. However on June 17, 1984, Appellee passed a resolution assessing each lot owner $300.00 for the repair of dams and roads owned by Appellee and used by all lot owners in the development. Although Appellants had, prior to 1984, voluntarily paid dues to Appellee, they ceased their payments upon Appellee's institution of the $300.00 annual assessment.

Appellant's sole issue for review is whether the trial court erred in finding that Appellee has the authority to impose assessments for repairs, maintenance and improve-

ment of the development's common areas, absent a specific covenant in the owner's deeds which permits such dues. We begin by noting that this is a case of first impression in the appellate courts of the Commonwealth of Pennsylvania. However, a number of states have specifically addressed this issue and we find the rationale and result of these cases applicable in the instant case.

■ Residential communities such as Meadow Run and Mountain Lake Park, are "analogous to mini-governments" and as such are dependent on the collection of assessments to maintain and provide essential and recreational facilities. *Holiday Pocono Civic Association, Inc. v. Benick*, 7 D. & C.3d 378 (1978). When ownership of property within a residential community allows the owners to utilize roads and other common areas of the development, there is an impled agreement to accept the proportionate costs for maintaining and repairing these facilities. *Sea Gate Association v. Fleischer*, 211 N.Y.S.2d 767 (1960).

> The right of the Association to exercise the control of the easements and to maintain them in condition so that they can be mutually used and enjoyed by all property owners has long been settled by the courts. Inherent in its right of management is the right to maintain. Maintenance costs money. Those who are entitled to enjoy the easements are the ones who must pay the costs of maintenance ...

*Id.* at 778–779.

Appellant contends that Appellee is without authority to require payment of any assessment because there is no specifically expressed deed covenant authorizing such assessment. However this argument was rejected in an analogous case, *Island Improvement Association of Upper Greenwood Lake v. Ford*, 155 N.J.Super. 571, 383 A.2d 133 (1978). In *Ford*, title to the roads in a privately developed residential area was in a private association. The association was the grantor of the deeds to the individual purchasers. An express easement to use the roads was given to each property owner, and none of the deeds to the individu-

al owners imposed a duty upon the owners to pay for the maintenance of the roads. *Id.* The *Ford* court held that these individual owners of the residential property who were granted use of the roads in the development were obligated to contribute to the repair and maintenance of the roads, despite the fact that none of the deeds to any of the owners imposed a contractual obligation on the owners for such maintenance or repair.

While it is true that in the instant case the deed does not explicitly spell out the exact obligation of the lot owners with regard to payment of dues for maintenance and repairs, the deed is not wholly silent as to the matter either. This is not a case where the property owners had no notice that an association of owners would be formed or that the association might formulate rules applicable to the owners. The following deed covenant is applicable to all property owners and reads as follows:

> In the event of the formation or incorporation of an association of the lot owners on above mentioned plot of Mountain and Meadow Run Lakes, the occupants of the above described premises shall be bound by such rules and regulations concerning the use of Mountain and Meadow Run Lakes as to boating, bathing, ice skating and fishing, as may be duly formulated and adopted by such association or incorporation.

This deed, while making no mention of an assessment, does put Appellants on notice that should an association of lot owners be formed in the future, they would be bound by any rules the association adopted concerning usage of development facilities. Implied in the existence of rules and regulations concerning usage of the facilities is the necessity for rules and regulations concerning maintenance of these facilities. *Sea Gate*, at 778–779. The *Ford* court held this to be true when a deed addressed only the right to use the development's facilities. Here, each property owner's deed notified them that not only did they have the right to use the facilities, but that they would be bound by any rules regarding this right. The *Ford* rationale is therefore applicable in this case.

■■■■ The position we adopt today is also in keeping with general Pennsylvania property law concerning easements.

> As a general rule, where an easement is used and enjoyed for the benefit of a dominant estate, it is the owner of the dominant estate who is under obligation to keep the easement in good repair ...

*Mscisz v. Russell*, 338 Pa.Super. 38, 40, 487 A.2d 839, 840 (1984), *citing Reed v. Allegheny County*, 330 Pa. 300, 303, 199 A. 187, 189 (1938). Appellants, as the beneficial users of the common areas of the development, are responsible for the cost of maintenance of such facilities. Therefore, we hold that absent an express agreement prohibiting assessments, when an association of property owners in a private development is referred to in the chain of title and has the authority to regulate each property owner's use of common facilities, inherent in that authority is the ability to impose reasonable assessments on the property owners to fund the maintenance of those facilities. We therefore affirm the trial court.

Judgment affirmed.