### SPINNLER POINT COLONY ASSOCIATION, INC.

v.

### William E. NASH and Julia E. Nash, his wife, Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1996.

Decided Feb. 26, 1997.

---

Mary T. McCarthy, Hawley, for appellants.

Richard B. Henry, Honesdale, for appellee.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

LEADBETTER, Judge.

William E. Nash and Julia E. Nash, Appellants, appeal from the order of the Court of Common Pleas of Pike County which found that they were required to pay delinquent dues and assessment fees plus interest to the Spinnler Point Colony Association (Association). The issue presented in this case is whether a property owner in a private residential development who has the right to travel the development roads and to access the waters of a lake is obligated to pay a proportionate share for repair, upkeep and maintenance of the development's roads, facilities and amenities. For the reasons that follow, we affirm.

The facts as adopted from the stipulation of facts submitted by the parties are as follows. The Association is a duly organized non-profit corporation which was incorporated on November 23, 1970. Pursuant to the Association's Articles of Incorporation, the Association is charged with and was incorporated for the purpose of maintenance of roads, enforcement of property restrictions, acquisition and maintenance of lots for recreation and other purposes, and for such other activity as is of benefit to the property owners within Spinnler Point (development), a real estate development.[1]

Appellants own lot 65 in the development. They took title to the lot by virtue of a deed dated June 20, 1978. Pursuant to the deed and chain of title, Appellants have the right to travel over the Association road known as Shore Road and also have lake rights.

On July 2, 1989, the Association promulgated by-laws which addressed Association membership and dues. Under the bylaws, all property owners were required to pay a $65.00 assessment. Additionally, the Association established dues at $5.00 per lot and increased dues to $10.00 per lot the following year. The assessment charges and dues have subsequently remained constant.

The Association sought a judgment against Appellants for the failure to pay dues and assessments from the year 1990. The matter first went before a district justice who found in favor of the Association. Appellants appealed, and a board of arbitrators found in favor of Appellants. The Association appealed to the court of common pleas. The trial judge ruled in favor of the Association and held that "one purchasing in [a privately developed residential] community impliedly accepts an offer for the provision of various services necessary to the well-being of the community, and when impliedly accepting such offer he impliedly agrees to pay a pro-

---

1. The development consists of 190 lots and includes 3.5 miles of roads, all of which are maintained, repaired and improved by the Association.

portionate share of the costs of such services." *Spinnler Point Colony Ass'n v. Nash* (No. 603 Civil 1994, filed Sept. 1, 1995), slip op. at 6, quoting *Holiday Pocono Civic Ass'n v. Benick,* 7 D. & C.3d 378, 386 (1978). This appeal ensued.

Appellants initially argued to this court that the trial judge erred in finding that they were required to pay dues and assessments charged by the Association and in relying upon *Meadow Run and Mountain Lake Park Ass'n v. Berkel,* 409 Pa.Superior Ct. 637, 598 A.2d 1024 (1991), *appeal denied,* 530 Pa. 666, 610 A.2d 46 (1992). They submitted that a property owner does not have an obligation to join a community association or to pay assessments, dues or fees to such association for repair, maintenance and improvement of amenities and roads when the chain of title makes no reference to the existence of a community association or the obligation to pay assessments, dues or fees to the association.

The Association argues that the trial judge properly relied on *Meadow Run.* Thus, it submits that a property owner who has the right to travel the development roads has the obligation to pay a proportionate share for repair, upkeep and maintenance of the roads.

In *Meadow Run,* the property owner's association acquired ownership of the lakes, dams, roads and other common areas in the development. The association instituted an annual $300.00 assessment for the repair, maintenance and improvement of the development's common areas. The property owners in that case refused to pay dues and assessments to the association. They argued that absent a specific covenant in the property owner's deeds which permit such dues, the association did not have the authority to impose assessments for repairs, maintenance, and improvement of the development's common areas.

The court in *Meadow Run* found, however, that while there was no mention of an assessment, the deed put the property owners on notice that if an association were formed they would be bound by any rules it adopted regarding usage of development facilities. *Meadow Run,* 409 Pa.Superior Ct. at 641,

598 A.2d at 1026. The court went on to hold that

absent an express agreement prohibiting assessments, when an association of property owners in a private development is referred to in the chain of title and has the authority to regulate each property owner's use of common facilities, inherent in that authority is the ability to impose reasonable assessments on the property owners to fund the maintenance of those facilities.

*Id.* at 642, 598 A.2d at 1027.

In the case now before this court, Appellants' chain of title makes no reference to a property owners association. However, at oral argument, Appellants conceded liability for assessments, dues or fees to the Association for repair, maintenance and improvement of amenities and roads. They then submitted to this court for the first time that their concern was that they did not know the composition of the assessment fee. Therefore, Appellants argued that they could not discern whether the assessment was only for expenses for which they were required to pay a proportionate share. However, this issue was neither raised below nor to this court in Appellant's brief and was therefore waived. *See, e.g., Lower Paxton Township, Bd. of Sup'rs v. Okonieski,* 153 Pa.Cmwlth. 36, 620 A.2d 602 (1993), *appeal denied,* 535 Pa. 642, 631 A.2d 1012 (1993).

Moreover, even disregarding Appellants' concession at oral argument, their appeal is without merit. As previously stated, Appellants' chain of title makes no reference to a property owners association. Nevertheless, we find that the Superior Court's reasoning in *Meadow Run* is equally applicable in this case. The court in *Meadow Run* stated that:

[r]esidential communities ... are "analogous to mini-governments" and as such are dependent on the collection of assessments to maintain and provide essential and recreational facilities. When ownership of property within a residential community allows the owners to utilize the roads and other common areas of the development, there is an implied agreement to accept

the proportionate costs for maintaining and repairing these facilities.

*Id.* at 640, 598 A.2d at 1026 (citations omitted). Additionally, the court relied on *Sea Gate Ass'n v. Fleischer,* 211 N.Y.S.2d 767 (1960), which ruled that:

[t]he right of the Association to exercise the control of the easements and to maintain them in condition so that they can be mutually used and enjoyed by all the property owners has long been settled by the courts. Inherent in its right of management is the right to maintain. Maintenance costs money. Those who are entitled to enjoy the easements are the ones who must pay the costs of maintenance.

*Meadow Run,* 409 Pa.Superior Ct. at 640, 598 A.2d at 1026 (quoting *Sea Gate Ass'n* at 778–79).

Clearly, Appellants, pursuant to their deed, have the right to enjoy the easements. Therefore, Appellants must pay the costs of maintenance. As a result, we find that Appellants, who have the right to travel the development roads and to access the waters of a lake, are obligated to pay a proportionate share for repair, upkeep and maintenance of the development's roads, facilities and amenities.

The position adopted by this court today is also consistent with general Pennsylvania property law. "As a general rule, where an easement is used and enjoyed for the benefit of a dominant estate, it is the owner of the dominant estate who is under obligation to keep the easement in good repair...." *Meadow Run,* 409 Pa.Superior Ct. at 642, 598 A.2d at 1027, quoting *Mscisz v. Russell,* 338 Pa.Superior Ct. 38, 40, 487 A.2d 839, 840 (1984). Appellants are the beneficial users of the common areas of the development, and as such, they are responsible for the cost of repair, maintenance and upkeep of the common areas. If we were to find to the contrary, lot owners would be able to avoid their duty to pay assessments, and because associations would be powerless to operate, the facilities of a development would fall into disrepair. Thus, we hold that a property owner who purchases property in a private residential development who has the right to travel the development roads and to access the waters of a lake is obligated to pay a proportionate share for repair, upkeep and maintenance of the development's roads, facilities and amenities.

Accordingly, we affirm the order of the court of common pleas.

## ORDER

AND NOW, this 26th day of February, 1997, the order of the Court of Common Pleas of Pike County is affirmed.