WILLIAMSON, J.,
This matter comes before us on a motion for summary judgment filed by Pocono Farms Country Club Association, Inc. (hereafter “plaintiff’) on December 17, 2013. Plaintiff filed the underlying complaint against Raddslaw Lewandowski (hereafter “defendant”) on October 12, 2012. Defendant filed an answer to plaintiff’s complaint on December 11, 2012. Defendant filed a second answer to plaintiff’s complaint on November 5, 2013.
Background
Plaintiff is a non-profit corporation which maintains and administers the common facilities in the Pocono *302 Farms Country Club Subdivision. On November 9, 2004, defendant became the owner of Lot P5835, 5385 Salamance Lane, in the Pocono Farms County Club Subdivision.
Plaintiff’s bylaws and the implied covenants of the title to defendant’s lot require that defendant pay his ratable share of costs for the provision of services for the maintenance, operation, and preservation of the common areas of Pocono Farms Country Club. Plaintiff alleges that defendant has breached this covenant and has unpaid dues totaling fifteen thousand three hundred dollars and thirty-six cents ($15,300.36). This includes three thousand five hundred twenty one dollars and two cents ($3,521.02) in attorney’s fees and costs related to collecting these unpaid dues from defendant. Defendant contests the reasonableness of the charges.
Argument
Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 85 (Pa. Super. 1995).
Summary judgment may be granted only in cases where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co., Inc., 562 A.2d 279, 280 (Pa. 1989). The court *303 must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Davis v. Pennzoil Co., 264 A.2d 597 (Pa. 1970). Moreover,, the burden is on the moving party to prove that no genuine issue of material fact exists. Long v. Yingling, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson, 412 A.2d at 469.
In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party’s pleadings. Mattia v. Employment Mut. Cos., 440 A.2d 616 (Pa. Super. 1982); Ritmanich v. Jonnel Enters, Inc., 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. Elia v. Olszewski, 84 A.2d 1889 (Pa. 1951).
Under the Uniform Planned Community Act (U.P.C. A.), a unit owners’ association may adopt and amend budgets for revenues, expenditures and reserves and collect assessments for common expenses from unit owners. 68 Pa. C.S.A. § 5302 (2). A unit owners’ association may also impose and receive payments, fees or charges for the use, except as limited by other provisions of this subpart, rental or operation of the common elements other than the limited common elements described in § 5202 (2) and (3) (relating to unit boundaries). 68 Pa. C.S.A. § 5302 (10). Further, a unit owners’ association may impose charges for late payment of assessments and, after notice and an *304 opportunity to be heard, levy reasonable fines for violations of the declaration, bylaws and rules and regulations of the association. 68 Pa. C.S.A. § 5302 (11).
Pursuant to 68 Pa. C.S.A. § 5302, a unit owners’ association has the authority to impose and collect dues from an owner of a unit in that subdivision. Here, plaintiff is an incorporated unit owners’ association for Pocono Farms Country Club and defendant is the owner of Lot P5835 in Pocono Farms Country Club. These facts have not been disputed by defendant in any pleadings. Thus, plaintiff has the authority to impose and collect dues from defendant.
The applicable case law also supports plaintiff’s claims herein. Landowners, as beneficial users of common areas of development, are responsible for costs of maintenance of facilities. Meadow Run & Mountain Lake Park Ass ’n v. Berkel, 598 A.2d 1024 (1991). Absent express agreement prohibiting assessments, when an association of property owners in a private development is referred to in the chain of title and has authority to regulate each property owner’s use of common facilities, inherent in that authority is the ability to impose reasonable assessments on property owners to fund maintenance of facilities. Id.
As in Meadow Run, there is no express agreement in this case prohibiting assessments and there is a covenant to pay dues to an association of property owners in the deed. In plaintiff’s brief in support of their motion for summary judgment, they reference covenants attached to defendant’s deed. Covenant Number 16 states that:
An association of property owners is to be formed and designated by such name as may be deemed appropriate and when formed, the owner of the premises hereby *305 conveyed, covenants and agrees that he, his heirs and assigns, shall be subject for the payment of annual dues and assessments in compliance with by-laws, rules and regulations to be promulgated.
Pi’s. mot. for summ. j.
That covenant attached to defendant’s deed clearly expresses that there is to be an association of property owners and that the owner of the premises will be subject to dues and assessments in compliance with the bylaws of the association. The bylaws state that the association’s board of directors shall “establish and enforce rules and rates for community services...and establish any special assessment, the annual common expense assessments, fines and other charges. Pi’s. mot. for summ. j.; complaint Exh. B (Bylaws 5.1).The bylaws further mandate that “upon a member’s default in payment of any charges due the association, the member’s obligation shall accrue interest at a rate not to exceed 15% per year.” Id. The bylaws of plaintiff’s association clearly state the association’s ability to collect dues and assessments, along with describing the interest rate to apply if a member defaults on payment. The bylaws also provide for collection, and therefore the legal fees associated therewith. Plaintiff’s bylaws, the covenant attached to the deed, and Pennsylvania law all provide for the relief sought by plaintiff. To this point, defendant has not provided any evidence to reach the level of a genuine issue of material fact.
We acknowledge and empathize with the defendant regarding the hardships he has overcome and those that he continues to encounter. He came to this country in search of a better life and to escape oppression. He has realized the dream of home ownership and financial independence.
*306 However, his home is located in a community association, and the law requires adherence to regulations, billings, and rules. People can choose to purchase a home in a community association, or they can choose to live elsewhere. If they choose to live within the community association, it is expected that they will pay their fair share for amenities, services, infrastructure, maintenance and management. Should homeowners disagree with how the association is managed, the reasonableness of charges, and the fairness of rules, they may vote or run for the board (provided in good standing) to effect change as if in a democracy.
The rules, permits, procedures, dues, late fees and extent of services used are all debatable issues; but, not before this court regarding unpaid assessments. The bylaws apply to all owners equally. The U.P.C.A. applies to all owners equally. Unfortunately, an inability to pay, or non-use of an amenity or service does not exempt owners from an obligation to support the whole. That is the requirement of the bylaws and the U.P.C.A. that apply to defendant’s property.
The Association has to plow, pave and maintain all roads it owns within the development whether used by everyone or not. The roads, the water system, the golf course, and regulations and permits for taking down trees have direct and indirect benefits to all. These amenities allow travel throughout the community, provide water without the need for a well, a golf course amenity for fixture home buyers, and a uniform appearance of wooded lots, all of which can boost property values, or at least make properties more appealing for re-sale. We acknowledge property values are down all over Monroe County, and the defendant may not agree with this assertion, but property *307 values in Pocono Farms would likely be lower without passable roads, a golf course, central water, and wooded lots.
The defendant also objects to the reasonableness of the charges, and plaintiff’s refusal to accept less than what is owed as a compromise. However, the defendant fails to recognize that what he offers in return is unreasonable, and unfair to all other homeowners who pay the full amount when due. If everyone paid what the defendant believes is fair, there would be no roads, no water system, etc.
It is unfortunate the defendant has now incurred late fees and attorney fees. However, the late fees are necessary to encourage homeowners to pay timely so the Association’s bills get paid. The attorney fees are to reasonably compensate the Association to pursue collection on those who do not pay. It would be unreasonable for the Association to have to pay those costs to collect what is owed under the bylaws and U.P.C.A.
The defendant alleged at argument that he was unaware of the rules, dues, and requirements at time of purchase and that his realtor never explained things to him. First, that is not a defense under the law. We also note the defendant did not mention hiring a lawyer at time of his purchase despite the large investment he was making. Finally, the U.P.C.A. requires that a re-sale certificate be given at least ten (10) days prior to closing to a buyer in all planned developments, including Pocono Farms. The re-sale certificate lists the yearly dues, and contains the bylaws and current rules and regulations. A buyer can then cancel a transaction after receipt and review of the re-sale certificate if done within a certain period of time. The defendant should have reviewed those documents at that time before proceeding to closing.
*308 Defendant also argued that the plaintiff can only collect dues for the prior six (6) month period, similar to the application of the U.P.C.A. on banks that foreclose on properties. It is correct that a statutory lien exists for unpaid dues for six (6) months preceding a sheriff’s sale in a foreclosure. However, that has no application in the present matter.
Finally, the defendant argues he is now known as “Ron” Lewandowski, instead of Raddslaw Lewandowski. However, that does not change the relief sought, and entitled to by the plaintiff as claimed. While we understand the defendant’s positions, he has not provided facts in support of a viable defense.
Conclusion
There is no genuine issue of material fact as to whether defendant owns a lot in Pocono Farms Country Club and whether plaintiff is the unit owners association for Pocono Farms Country Club. There is also no dispute as to the covenant attached to the deed which expressly refers to the ability of an association within Pocono Farms Country Club to collect dues and assessments. Defendant has provided no evidence to support that these uncollected dues and assessments were unreasonable or sought illegally or in bad faith. Pursuant to Pennsylvania law, plaintiff has the right to collect reasonable dues and assessments from homeowners such as those stated by plaintiff in this case. Therefore, there is no genuine issue of material fact and this court finds in favor of summary judgment against defendant for an amount of fifteen thousand three hundred dollars and thirty-six cents ($15,300.36) due to plaintiff.
ORDER
And now, this 6th day of May, 2015, upon consideration *309 of the motion for summary judgment filed by plaintiff, the motion for summary judgment is granted. Judgment in the amount of $15,300.36 plus interest and costs shall be entered in favor of the plaintiff and against the defendant.