**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3803-15T3

VICTORINE G. VISCONTI,
Individually, and as
Executrix of the Estate
of MICHAEL P. VISCONTI,
deceased; MICHAEL C. VISCONTI,
PATRICK J. VISCONTI,
and LAURA VISCONTI,

    Plaintiffs-Appellants/
    Cross-Respondents,

v.

LAKE WALLKILL COMMUNITY,
INC., a Corporation of the
State of New Jersey,

    Defendant-Respondent/
    Cross-Appellant.

_____

        Argued September 12, 2017 — Decided October 4, 2017

        Before Judges Reisner, Hoffman, and Mayer.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Sussex County,
        Docket No. C-000023-14.

        Stephen J. McGee argued the cause for
        appellants/cross-respondents.

        Walter F. Kawalec, III, argued the cause for
        respondent/cross-appellant, as to the appeal;

Eileen McCarthy Born argued the cause for respondent/cross-appellant as to the cross-appeal (Marshall Dennehey Warner Coleman & Goggin, and Dolan and Dolan, PA, attorneys; Mr. Kawalec, Ms. Born, and Julie B. Dorfman, on the briefs).

PER CURIAM

This case involves a dispute between defendant Lake Wallkill Community, Inc. (the Community), a common interest community, and several plaintiffs-homeowners, who contested their obligation to pay annual dues[1] and filed an action to discharge liens the Community placed on their property. The Community cross-claimed, seeking a judgment for the delinquent dues and collection costs.

Plaintiffs appeal from the March 28, 2016 judgment in defendant's favor, arguing that: the Community had no legal or equitable right to file the liens, the filing violated their due process rights, the statute of limitations barred the Community's claims, the judge erred in making certain discretionary rulings concerning a proposed amended complaint, discovery, and introduction of evidence, and plaintiffs are entitled to counsel fees. Defendant cross-appeals, arguing that: the trial court should have awarded a larger judgment against plaintiff Michael

---

[1] In addition to the annual dues, the Community imposed occasional special assessments and fees, all of which were needed to pay for the upkeep of the development's common property. We refer to the dues, assessments and fees collectively as "dues."

C. Visconti, and the trial court mistakenly failed to consider its claim for costs including counsel fees. On the appeal and cross-appeal, we affirm the judgment as to the amount of dues owed by each plaintiff.[2] However, we remand on defendant's claim for counsel fees and other costs, because the trial court inadvertently failed to address that issue.

After reviewing the record, including the transcripts of the bench trial, we find no basis to second-guess the trial judge's factual findings and evaluation of witness credibility. See Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-84 (1974). With the exception of the counsel fee issue, we affirm the March 28, 2016 order, substantially for the reasons stated in the judge's written opinion issued with the order. We affirm the order denying plaintiffs' motion to amend their complaint, shortly before the trial, for the reasons stated in the judge's December 21, 2015 oral opinion. We decline to address plaintiffs' statute of limitations argument, because it was not raised in the trial court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Except as briefly discussed below, the parties' remaining

---

[2] At oral argument of this appeal, plaintiffs' counsel confirmed that plaintiffs do not contest defendant's mathematical calculation of the dues they owe. Rather, plaintiffs contest their legal obligation to pay those amounts. There is also no dispute that the Community gave plaintiffs notice of its intent to file the liens before it filed them.

appellate arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

The essential facts are detailed in the trial court's opinion and can be summarized briefly here. The Community is a private development consisting of homes and roadways surrounding a privately owned lake. When the Community was incorporated in the late 1920s, it was supported by dues paid by those homeowners who voluntarily chose to join a private club or lake association. However, in 2000, the Community's governing body (the Management Committee) amended the by-laws to make association membership - and the corresponding obligation to pay annual dues - mandatory for all homeowners.[3]

The trial judge found that, with the exception of Michael C. Visconti,[4] all of the named plaintiffs (Victorine and her husband Michael P. Visconti and Patrick and his wife Laura Visconti) voluntarily joined the association as members in the 1990s. The membership application included a commitment to pay dues and an agreement that the Community could place a lien on the member's

---

[3] According to the trial judge's written opinion, the 2000 by-law amendment was challenged and upheld in previous litigation.

[4] For clarity, and meaning no disrespect, we will refer to this plaintiff as Michael C., to distinguish him from his father, Michael P. Visconti. The father passed away while this lawsuit was pending, and his estate's executrix was substituted as a plaintiff.

A-3803-15T3

property for unpaid dues. The Community by-laws effective in the 1990s also provided that unpaid dues would become a lien on the delinquent owner's property.

The judge did not find credible testimony from Victorine and Patrick Visconti that they and their spouses resigned their memberships in 2002 and 2003. Based on our review of the record, the judge's factual findings on that point are supported by sufficient credible evidence. See Rova Farms, supra, 65 N.J. at 483-84. We agree with the judge that those plaintiffs were obligated to pay the dues because they joined the association and did not resign their memberships. Further, by signing the membership agreement, they agreed that the unpaid dues would become a lien on their properties.

We also agree with the trial judge that the Management Committee was authorized to amend the by-laws in 2000 to require all homeowners to contribute to the maintenance of the Community. It is by now well-established that a common interest community can require all of its homeowners to pay an assessment for road maintenance, upkeep of the lake and other amenities that community members have a right to use. See Highland Lakes Country Club & Community Assoc. v. Franzino, 186 N.J. 99, 111 (2006); Lake Lookover Prop. Owner's Ass'n v. Olsen, 348 N.J. Super. 53, 65-67 (App. Div. 2002); Paulinskill Lake Assoc. v. Emmich, 165 N.J.

Super. 43, 45-46 (App. Div. 1978); Island Improv. Assoc. v. Ford, 155 N.J. Super. 571, 574-75 (App. Div. 1978). See also Restatement of the Law (Third) Property: Servitudes §§ 6.2, 6.5 comment (b) (2000). Therefore, we concur in the judge's conclusion that, even if the four plaintiffs had attempted to resign, they could not have done so — and could not have avoided their obligation to pay the dues - after the by-laws were amended in 2000. For the same reason, it is irrelevant that Michael C. did not voluntarily become an association member when he bought his home in 2010; by that time, the by-laws required that he join and pay the dues. Further, at the time the liens were filed against all plaintiffs, including Michael C., lien filings were authorized by a resolution of the Management Committee. We affirm on plaintiffs' appeal.

On the cross-appeal with respect to Michael C., we agree with the trial judge that Michael C. took ownership of his property without notice of the debt for past dues owed by his predecessor in title, his brother Peter Visconti. As the Court noted in Highland Lakes, supra, 186 N.J. at 112: "Subsequent bona fide purchasers of property encumbered with an equitable lien take 'subject to the rights of the equitable lienor,' provided there is notice of the lien." (quoting 51 Am. Jur. 2d Liens § 18 (2000)). However, in this case, the Community did not record a lien against the property while Peter owned it, so as to give notice to a

prospective purchaser in 2010. Nor were the by-laws themselves recorded. Moreover, unlike the situation in <u>Highland Lakes</u>, <u>supra</u>, 186 <u>N.J.</u> at 104, neither a master deed nor Michael C.'s individual deed required membership in the Community or required him to comply with the by-laws. <u>See also</u> <u>id.</u> at 110-12. Accordingly, we agree with the trial court that, in the factual circumstances of this case, there was insufficient notice to Michael C. to warrant finding that Peter's delinquent dues became Michael C.'s personal debt. Accordingly, the Community could not obtain a judgment against Michael C. for that amount.[5]

We next address the cross-appeal concerning the collection fees.[6] A 2014 resolution of the Management Committee authorized the Community to charge collection costs associated with enforcing delinquent assessments. The liens defendant recorded against each plaintiff's property included counsel fees and other collection costs.

---

[5] Neither the judge's opinion and order, nor the parties' briefs, address whether the Community has any recourse against Michael C. other than obtaining a personal judgment for Peter's unpaid dues. Accordingly, we do not address the issue. Because Peter is not a party here, we also do not address the remedies the Community may have against him.

[6] Contrary to plaintiffs' appellate argument, the fee issue was clearly placed before the trial court. In her opening statement, the Community's attorney stated that her client was seeking "late payment charges, interest, and attorneys fees." The issue was also addressed in trial testimony.

A-3803-15T3

As to all plaintiffs except Michael C., the trial court's order recited that it awarded "the full amount" of defendant's liens. However, the specific monetary amounts of the judgments, including the judgment against Michael C., did not include the sums attributable to the collection costs. Nor did the trial court's opinion address the issue. Accordingly, we remand this matter to the trial court for the limited purpose of addressing defendant's claim against each plaintiff for counsel fees and other costs.

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3803-15T3