Frida HILL, Appellant,

v.

Karen A. KILGALLEN, Masthope Mountain Community Property Owners Council, Robert Ferretti, Adam Gallini, John Castellano, Joseph Gladis, Marge Brinkworth, Russ Longo, John Grandy, Brian Dooley, Garry Daddario, Steve Stern, Frank Guidice, Matt Lebow and Rocco Chierichella.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 2014.

Decided Jan. 6, 2015.

Elizabeth Anderson, Hawley, for appellant.

Theodore J. Segletes, III, Wilmington, DE, for appellee.

BEFORE: BERNARD L. McGINLEY, Judge, and MARY HANNAH LEAVITT, Judge, and P. KEVIN BROBSON, Judge.

OPINION BY Judge McGINLEY.

Frida Hill (Hill) appeals the order of the Court of Common Pleas of Pike County (common pleas court) that granted the motion for summary judgment of Karen A. Kilgallen (Kilgallen), Masthope Mountain Community Property Owners Council (Council), Robert Ferretti, Adam Gallini, John Castellano, Joseph Gladis, Marge Brinkworth, Russ Longo, John Grandy, Brian Dooley, Garry Daddario, Steve Stern, Frank Guidice, Matt Lebow (Lebow) and Rocco Chierichella (Chierichella) (collectively, Appellees). The common pleas court also denied Hill's motion objecting to her deposition and request for a protective order, Hill's motion for sanctions, Hill's motion in limine, and Hill's motion for extension of the discovery deadline. The common pleas court also denied Appellees' motion for sanctions, dismissal, and attorney fees.

## I. Background.

Hill owns an unimproved lot in the Masthope Mountain Community, a planned community organized under and subject to the Uniform Planned Community Act (Planned Community Act), 68 Pa.C.S. §§ 5101–5414. Lot owners are required to pay dues and assessments imposed by the Council.

On July 31, 2007, Hill desired to sell her lot. She contacted the Council's agent, Kilgallen, and offered to pay dues and

assessments associated with her lot which she had not paid over the previous three years. Kilgallen rejected the offer and told Hill that the Council intended to collect Hill's unpaid dues and assessments which dated back to 1993. Hill did not make any payment to the Council. The dues and assessments remain unpaid.

### A. Prior Complaints.

On August 23, 2007, Hill commenced an action in the common pleas court against all of the Appellees except Lebow and Chierichella.[1] Hill alleged that each Appellee breached a fiduciary duty to her and Appellees engaged in unfair and deceptive acts and practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Law)[2], 73 P.S. §§ 201-1—201-9.3. Hill also sought a declaration from the common pleas court that only three years of dues and assessments were owed. Hill sought injunctive relief to prevent the Appellees from pursuing any litigation against Hill in New York State, where Hill resided, to collect the sums claimed to be due and owing.

The Appellees preliminarily objected and alleged that Hill failed to state a claim upon which relief could be granted. By order dated June 8, 2009, the common pleas court sustained the preliminary objections and dismissed all counts of the complaint with the exception of Count III in which Hill sought declaratory relief. Count III was dismissed as to all of the defendants except the Council.

On June 29, 2009, Hill filed her First Amended Complaint.[3] She added Lebow

---

1. The other Appellees were Board members, directors, or officers of the Council.

2. Act of December 17, 1968, P.L. 1224, *as amended.* The Law was reenacted by the Act of November 24, 1976, P.L. 1166.

3. In Count I, Hill alleged that all defendants engaged in civil conspiracy in that they acted with a common purpose. with an unlawful means to present false information concerning the dues and charges owed to the Council. In Count II, Hill alleged that the Council and Kilgallen violated Section Four of the Fair Credit Extension Uniformity Act (Act), Act of

and Chierichella to the Appellees.[4]

Appellees preliminarily objected in the nature of a demurrer. On December 16, 2009, the common pleas court sustained the preliminary objection and dismissed the first amended complaint in its entirety, granted Hill twenty days to file a second amended complaint, prohibited Hill from raising any cause of action not raised in the first amended complaint, and prohibited Hill from joining any party as a defendant who was not joined as a defendant in the first amended complaint.

### B. Second Amended Complaint.

On January 5, 2010, Hill filed a Second Amended Complaint and specifically alleged:

92. Attached to Defendant Kilgallen's letter is a printout claiming that Plaintiff [Hill] owed $22,288.20 as of June 30, 2007. The charges and fees demanded go back to December 31, 1993 and exceeded the proposed sale price for the lot.

. . . .

94. The printout provided by Defendants Kilgallen and Masthope is misleading, incomplete and ... fails to disclose or reveal that Defendants [Appellees] had previously obtained two judgments against Plaintiff [Hill].

95. The first magistrate's judgment was for $1,788.38 entered by then-District Magistrate Gudrun K. Quinn on December 17, 1996 for "96–'97 unpaid balance; 1997–98, dues' plus penalties, interest and administrative fees. It was never revived as of 2009 and became stale after five years. . . .

. . . .

97. A second judgment, dated December 20, 1995 was entered by District Magistrate Alan B. Cooper in the amount of $5,751.15. It, too, was never revived as of 2009, and it became stale after five years.

98. Instead, the Defendants [Appellees] demanded and attempted to collect money from Plaintiff [Hill] that they knew or should have ... been previously included in those two judgments, although they had not been revived.

Second Amended Complaint, January 5, 2010, Paragraph Nos. 92, 94–95, and 97–98 at 13–14; Reproduced Record (R.R.) at 27a–28a.

In Count I of the Second Amended Complaint, Hill alleged that the Appellees engaged in a civil conspiracy outside of the scope of their authority to harass, defame, annoy, and intimidate Hill by repeatedly suing her for dues although two judgments were stale and had prevented her from selling her lot. In Count II, Hill alleged a civil conspiracy with the Appellees acting

March 28, 2000, P.L. 23, *as amended,* 73 P.S. § 2270.4. In Count III, Hill alleged that Kilgallen and the Council tortiously interfered with her potential business relationship with a prospective buyer of her lot. In Count IV, Hill alleged breach of contract in that the Council did not treat her fairly. In Count V, Hill alleged that the Appellees negligently breached a duty to ascertain the correct amount of any dues and charges possibly owed by Hill to the Council. In Count VI, Hill sought a declaratory judgment that the Council could not seek to collect more than three years of dues and assessments upon the sale or transfer of a property, if there was no valid judgment or lien against the property. In Count VII, Hill alleged a cause of action under respondeat superior because Masthope allowed Kilgallen and Chierichella to commit the violations alleged. In Count VIII, Hill alleged that the Council failed to train, supervise, monitor, or review the actions of Kilgallen and Chierichella.

4. Lebow was a Board member, director, and/or officer of the Council. Chierichella was the Council community manager.

within the scope of their authority and made the same allegations as in Count I.

In Count III, Hill alleged a violation of the Law and Act by Appellees who allegedly acted outside the course and scope of their authority. In Count IV, Hill raised the same allegations as in Count III but that the parties acted within the course and scope of their authority.

In Count V, Hill alleged tortious interference with prospective business relationships against Masthope and Kilgallen while they were acting outside the course and scope of their authority. Hill specifically alleged that she was unable to sell her lot in 2007, because the appellees purposely, knowingly, and falsely provided a printout of dues Hill owed that went back to 1993 after Appellees refused to accept payment for three years of dues. In Count VI, Hill raised the same allegations as in Count V only in Count VI the Appellees were allegedly acting within the course and scope of their authority.

In Count VII, Hill alleged a breach of a written contract with the Appellees acting outside the scope of their authority. Hill alleged that by her ownership of a lot in Masthope and the contractual obligations owed to her by virtue of the Masthope Constitution, by-laws, regulations and statutory regulations, Appellees had a contractual obligation not to charge Hill for dues, assessments, and other charges that were not lawfully collectible. In Count VIII, Hill raised the same allegations as in Count VII except that she alleged the Appellees were acting within the scope of their authority.

5. On February 22, 2010, the Appellees preliminarily objected to the Second Amended Complaint in the nature of a demurrer and moved to strike the Second Amended Complaint in its entirety. By order dated August 11, 2010, the common pleas court denied the preliminary objections.

In Count IX, Hill sought declaratory relief against the Council and Kilgallen and alleged they acted outside the scope of their authority. In Count X, Hill sought declaratory relief against the Council and Kilgallen and alleged they acted within the scope of their authority. For counts one through eight, Hill sought in excess of $50,000.00 for each count.[5]

## II. Subsequent Pleadings.

On July 16, 2012, Appellees moved for judgment of non pros or, in the alternative, moved for sanctions. Appellees alleged that Hill waited almost sixteen months before she made a lackadaisical attempt to move the litigation forward.

On October 17, 2012, Hill moved to compel discovery and the taking of depositions and alleged that Appellees failed to respond fully to discovery requests or produce witnesses for depositions. By order dated January 29, 2013, the common pleas court ordered the Appellees to file written responses to any outstanding interrogatories, requests for production of documents or requests for admissions within thirty days. The common pleas court further ordered that the parties schedule and conduct any remaining depositions of all parties and witnesses within ninety days. Also, by order dated January 29, 2013, the common pleas court denied the motion for judgment of non pros and the motion for sanctions.

On April 30, 2013, Hill moved for sanctions and filed a motion in limine to strike objections to discovery responses and for an extension of the discovery deadline.

In a counterclaim, Appellees alleged that Hill owed it $35,477.93 in dues, attorney fees and costs. Hill then answered and added new matter of her own in which Hill asserted that the counterclaim was barred for a variety of reasons.

Hill alleged that Appellees did not respond to the second set of interrogatories within the time specified by the common pleas court.

On May 17, 2013, the Appellees moved for sanctions and alleged Hill had not made herself available for her own deposition and sought dismissal.

### III. Summary Judgment.

On June 6, 2013, the Appellees moved for summary judgment. With respect to the counts for civil conspiracy in the Second Amended Complaint, Masthope alleged:

31. In order to maintain a civil action for conspiracy, a Plaintiff must provide support for: (1) a combination of two or more persons acting with a common purpose *to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose;* (2) *an overt act* done in pursuance of the common purpose; and (3) *actual legal damage....*

32. Plaintiff's [Hill] allegations are that the named defendants participated in a conspiracy through their mutual participation in the activities of the Council to collect a debt which Plaintiff [Hill] acknowledges she owed and accrued, which this Court has already found to be subject to collection by the Council, and which the Plaintiff [Hill] acknowledges the Magistrate Court has already found to be a valid debt.

33. It would seem that Plaintiff's [Hill] only possible argument could be that making a statement to the effect that the Council intended to pursue collection of the debts which had been reduced to judgment liens that went stale is somewhat 'unlawful.'

34. Quoting the Judicial Code, this Court has already properly held that the debt created by virtue of the imposition of fees and assessments by the Council

may be pursued for up to 20 years because they are based upon an instrument in writing and under seal.... This makes sense because, 'a judgment lien merely prevents a debtor from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment, and also prevents later lien-holders from satisfying their debt without first paying the earlier lien. Thus, a writ of revival of a judgment lien does nothing more than preserve the judgment creditor's existing rights and priorities' ....

35. Important for our analysis is the fact that a judgment lien may be revived after the five-year statute of limitations period for revival.... The only affect [sic] the late revival of a stale judgment lien has on a creditor's rights is that the lien's priority against intervening liens, if any, is lost....

36. Again, simply put, the lien '[loses] its priority if the judgment holder fails to file a writ of revival within five years from the date of the entry of the judgment.' .... Thus, Plaintiff's [Hill] arguments that Defendants [Appellees] were attempting to collect a debt which they had no right to collect is misplaced.

37. Although Masthope's liens may have lost their priority to intervening liens, there was nothing unlawful or in appropriate [sic] in expressing the intent to pursue them.

....

39. Plaintiff [Hill] has alleged that she has been damaged emotionally due to her inability to sell her lot because of the civil conspiracy to collect the outstanding balance due for assessments on the property which exceed the fair market value of the property.

40. However, Plaintiff [Hill] has neither sought nor produced anything tending to establish that she has required

medical treatment or counseling for any of the emotional effects of the event. 41. Nor has she produced a single financial record or bank statement showing that she was adversely affected by a failure to sell the lot and that any alleged adverse impact was attributable to some act on the part of the Defendants [Appellees]. (Emphasis in original. Citations omitted).

Motion for Summary Judgment, June 6, 2013, Paragraph Nos. 31–37, and 39–41 at 9–11; R.R. at 498a–500a.

With respect to Counts III and IV regarding the Law and Act, Appellees asserted that the common pleas court previously found that Hill's claims for violation of the Law failed to allege sufficient facts to support that any of Appellees' actions or conduct were unfair or deceptive and that Hill failed to show that she relied on wrongful conduct or representation and suffered harm as a result of such reliance.

With respect to Counts V and VI in which Hill alleged that Appellees tortiously interfered with Hill's prospective business relationships, Appellees asserted that Hill's allegations were substantively the same as in her previous complaints where they were found to be legally insufficient. Appellees further asserted that Hill failed to establish the elements of tortious interference with a business relationship.

With respect to Counts VII and VIII of the Second Amended Complaint which concerned an alleged breach of contract, Appellees asserted that there was no contract between Hill and any of the individual members of the Council and no evidence of any breach of a contract between Hill and the Council.

With respect to Counts IX and X of the Second Amended Complaint, the Appellees asserted that Hill sought a declaration that the Council could not lawfully collect past due amounts that were more than three years old but that the common pleas court had previously determined that any collection was subject to a twenty year statute of limitations.

On July 8, 2013, Hill moved to strike the motion for summary judgment as premature because Hill wanted to obtain an extension of the discovery deadline and because Appellees had refused to cooperate in discovery so that any lack of information on Hill's part was the result of Appellees' refusal to turn over documents and to produce witnesses for depositions. On July 15, 2013, the common pleas court denied the motion to strike because Hill had not filed a certificate of service which indicated that the motion to strike was served upon Appellees.

By order dated August 23, 2013, the common pleas court granted the motion for summary judgment. In the same order the common pleas court denied Hill's objection to her deposition, Hill's motion for sanctions, Hill's motion in limine, and Hill's motion for extension of the discovery deadline. The common pleas court also denied Appellees' motion for sanctions, dismissal, and attorney fees.

### IV. Issues before this Court.

Hill contends that the common pleas court abused its discretion and committed an error of law when it denied her motion for sanctions and motion in limine and motion to extend the discovery deadline, when it granted summary judgment, when it denied Hill's motion to strike and reply to the motion for summary judgment due to an alleged lack of proof of service, and that the common pleas court took into consideration extraneous and irrelevant factors.[6]

---

6. This Court's review of a grant of summary judgment is limited to determining whether

*A. Denial of Hill's Discovery Motions.*

■ Initially,[7] Hill contends that the trial court committed an abuse of discretion and erred when it denied her motions for sanctions and motion in limine and motion to extend the discovery deadline. Hill asserts that the common pleas court ignored her longstanding efforts to take discovery dating back to November 2007, ignored Appellees' belated and inadequate responses to discovery requests sent in March 2013, and ignored Appellees' refusal to produce witnesses for discovery during the ninety days that followed the January 29, 2013, order.

■ Orders regarding discovery matters are subject to the discretion of the trial court. *McNeil v. Jordan,* 586 Pa. 413, 894 A.2d 1260 (2006). In general, the imposition of sanctions for a party's failure to comply with a trial court's discovery orders is left to the discretion of the trial court as are the sanctions themselves. *Cove Centre, Inc. v. Westhafer Construction, Inc.,* 965 A.2d 259 (Pa.Super.2009). An appellate court will not disturb discovery orders without a "showing of manifest, unreasonableness, partiality, prejudice, bias, ill will, or such lack of support in the law or record for the [trial court's action] to be clearly erroneous." *Samuel–Bassett v. Kia Motors, Inc.,* 613 Pa. 371, 34 A.3d 1, 51 (2011).

Here, the common pleas court found:

Appellant [Hill] argues that this Court abused its discretion when it denied Appellant's [Hill] Motion for Sanctions, Motion in Limine and Motion to Extend the Discovery Deadline. We disagree and continue to stand by our decision. This Court determined the Appellant [Hill] in this case was at fault for many of the delays in discovery. Appellant [Hill] had initiated the underlying case six (6) years ago. During that time, Appellant [Hill] failed to get the necessary factual allegations to support her claim and failed to comply with the Discovery Rules when attempting to depose various Appellees. Additionally, this Court had to intervene multiple times and direct the parties through this matter. Even when given a Discovery Deadline, Appellant [Hill] failed to comply with the order. Therefore, this Court properly denied the Appellant's [Hill] Motions and continues to stand by its decision.

Common Pleas Court Opinion, November 20, 2013, (Opinion) at 4.

This Court finds no abuse of discretion committed by the common pleas court when it denied Hill's motion for sanctions and the related motions.

*B. Summary Judgment.*

■ Hill next contends that the common pleas court committed an abuse of discretion and erred when it granted the motion for summary judgment. Hill asserts that the common pleas court erred when it concluded that there were no genuine issues of material fact or that Hill had not alleged facts essential to her cause of action.

Hill argues that the common pleas court failed to mention corroborating documents that contained Kilgallen's statement that

the common pleas court made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment should only be granted in a clear case and the moving party bears the burden of demonstrating that no material issue of fact remains. The record must be reviewed in the light most favorable to the non-moving party. *Id.*

7. This Court has foregone the sequence of Hill's arguments.

the Council only goes back three years for dues because that is all that is allowable by law. Hill concedes that there is really a twenty year statute of limitations but that if the Council chose to waive the twenty year statute of limitations that is an issue to be pursued in discovery. Hill lists a series of questions she had concerning whether the Council could go back three years or twenty years to collect dues, fees, and related assessments.

Pa.R.C.P. No. 1035.2 provides:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

With respect to the motion for summary judgment, the common pleas court determined:

Throughout Appellant's [Hill] Second Amended Complaint she makes many general accusations of improper or illegal conduct, however she never gives any specific factual allegations of the alleged conduct in the ten (10) separate Counts. Additionally, Appellant [Hill] incorrectly alleged that unpaid dues beyond three years cannot be legally enforced and Appellees' [Defendants] attempt to collect those dues constituted wrongful or illegal conduct. See *Mead-*

*ow Run/Mountain Lake Park Assn. v. Bantell*, 985 A.2d 989 ( [Pa. ]Cmwlth.[ (2009) ] ), where this Court previously held the right of Masthope [Council] to initiate an action to collect the unpaid dues falls under a 20 year Statute of Limitations. Appellant's [Hill] only factual allegation was an incorrect statement of law; thus, Appellant [Hill] failed to allege specific facts to support her claim. Accordingly, this Court properly granted the Appellees' [Defendants] Motion for Summary Judgment.

Opinion at 5.

This Court agrees with the common pleas court that Hill failed to allege specific facts to support her claim.

### C. Motion to Strike Motion for Summary Judgment.

■ Hill next contends that the common pleas court erroneously denied her motion to strike and reply to the motion for summary judgment because it lacked proof of service. Hill asserts that the common pleas court erroneously relied on Pa.R.C.P. No. 403 and Pike County Local Rule 208.3 when it denied the motion to strike.

Hill is correct that Pa.R.C.P. No. 403 refers to service of original process, and this was not original process. However, Pa.R.C.P. No. 440(a)(1) entitled Service of Legal Papers Other than Original Process also provides that "[c]opies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action."

Pike County Local Rule 208.3(d) provides that "[a]n original and one copy shall be filed with the Prothonotary and a copy served on all other parties."

Hill does not contest that she failed to serve Appellees when she filed the motion.

She served them on July 24, 2013, after the motion was filed on July 9, 2013. The common pleas court dismissed the motion on July 15, 2013. This Court finds no error or abuse of discretion on the part of the common pleas court.

### D. Extraneous Factors.

Hill next contends that the common pleas court erred when it considered extraneous factors in making its decision. Hill refers to the common pleas court's mention of Hill's counsel engaging in personal attacks on Appellees and failing to follow discovery deadlines. Regardless of the accuracy of the common pleas court's statements, Hill asserts that they do not constitute any justification to dismiss the case.

Regarding this issue, the common pleas court stated:

Appellant [Hill] generally alleges this Court took into consideration extraneous and irrelevant factors in making its decision. First, this Court did not take into consideration extraneous and irrelevant factors regarding the discovery decisions. As stated earlier, the Appellant filed the underlying case over six (6) years ago. During that time, Appellant [Hill] failed to allege any specific wrongdoing of the Appellees, failed to follow

discovery deadlines and engaged in personal and professional attacks on the parties. Additionally, when Appellant [Hill] attempted to conduct Depositions on various Appellees, Appellant [Hill] failed to properly notify or schedule the Depositions as provided by the Discovery Rules. Thus, for all of the above reasons this Court properly denied Appellant's [Hill] Motions.

Opinion at 8. This Court finds no error.[8]

Accordingly, this Court affirms.

### ORDER

AND NOW, this 6th day of January, 2015, the order of the Court of Common Pleas of Pike County in the above-captioned matter is affirmed.

---

8. Hill also contends that the common pleas court erred when it stated in its opinion that Hill failed to file post-trial motions on the issues she raised on appeal, so the issues were waived. Pa.R.C.P. No. 227.1(c) provides in pertinent part: "Post-trial motions shall be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision in the case of a trial without jury." Hill argues that the grant of a motion for summary judgment does not require post-trial motions based on Pa.R.C.P. No. 227.1(c). This Court agrees that the entry of summary judgment is not one of the enumerated results listed in the rule for which post-trial motions are required. However, to the extent the

common pleas court erroneously relied on the failure to file post-trial motions in rendering an opinion, the error is harmless because the common pleas court thoroughly addressed the bases for Hill's appeal and explained the reasoning for its decision.

Hill also alleges that the common pleas court's decision was against the weight of the evidence. However, she does not address that issue in the argument section of her brief, so it is waived. Under Pa.R.A.P. 2119, when a party fails to develop an issue in the argument section of its brief, the Court may consider the issue to have been waived. *In re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation of Right-of-Way for State Route 0079*, 76 A.3d 101, 106 (Pa.Cmwlth.2013).