J-A18021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VAISHALI P. RILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WELLS FARGO BANK, N.A. | : | No. 593 EDA 2017 |

Appeal from the Order Dated January 27, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2015-30313

BEFORE: STABILE, J., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 27, 2018**

Appellant Vaishali P. Riley appeals from the Order entered in the Court of Common Pleas of Montgomery County on January 27, 2017, granting the motions to compel discovery responses filed by Appellee Wells Fargo Bank, N.A. Because the January 27, 2017, Order is not a final, appealable order or a collateral order under Pa.R.A.P. 313(b), this Court lacks jurisdiction. Accordingly, we quash this appeal as interlocutory.

The trial court aptly set forth the relevant factual and procedural history herein as follows:

> On January 2, 2014, [Appellant], a former bank manager employed by [Appellee], filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 14-CV-0010 alleging violations of the Family and Medical Leave Act ("FMLA"). (Amended Complaint, filed 8/29/16; Exhibit A, U.S. District Court Complaint). In that lawsuit, [Appellant] sought compensation or reimbursement for, inter alia, "past lost earnings, future lost earnings, salary, pay increases,

_____
* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

commissions, [and] bonuses". (*Id*., Exhibit A, at 8). On September 5, 2014, the Parties entered into a settlement agreement which included payment for claims for lost wages. (*Id*. at 2; Exhibit B, Settlement Agreement and General Release at ¶ 4). Specifically, the agreement provided in relevant part as follows:

> 4.(a) <u>Payment to Employee for Claims for Lost Wages</u>. Within fifteen (15) business days after the receipt of Employee's executed Agreement, Wells Fargo agrees to pay Employee, as payment for claims for lost wages, the sum of Thirty–Three Thousand Five Hundred Dollars ($33,500.00), less all applicable withholding taxes and payroll deductions.

(Id.).

Also as part of the agreement, [Appellant] provided [Appellee] with an executed Form W-9. (*Id*. at 2-3; Exhibit B at ¶ 4). On the Form W-9, [Appellant] listed her address as Sugarland, Texas. On October 22, 2014, [Appellant] received a check dated October 14, 2014, in payment for lost wages minus withheld tax amounts. (*Id*. at 3; Exhibit C). In addition, the payment stub identified [Appellant's] address as Yardley, Pennsylvania instead of Sugarland, Texas. (*Id*. at 4; Exhibit C). Counsel for [Appellant] notified Counsel for [Appellee] of the perceived errors. However, [Appellee] declined to make any changes to the IRS W-2 form. (*Id*. at 4-6; Exhibit E).

[Appellant] filed a claim against [Appellee] on March 20, 2015, in Magisterial District Court. (Notice of Judgment/Transcript Civil Case, MDJ-38-1-25). On October 21, 2015, Magisterial District Judge James P. Gallagher awarded [Appellant] $22,570.85, which included costs and attorney fees. (*Id*.) [Appellee] filed a notice of appeal to this court on November 18, 2015. (Prothonotary docket, Seq. 0).

On December 9, 2015, [Appellant] filed a complaint against her former employer averring counts in breach of contract, breach of the covenant of good faith and fair dealing, conversion and violations of 26 U.S.C. § 7434.[2] [Appellant] filed an amended complaint on August 29, 2016, and [Appellee] filed their answer with new matter on September 16, 2016. The Parties contest, *inter alia*, whether Federal and Pennsylvania taxes were properly withheld from the 2014 settlement proceeds. (*See* Amended Complaint, filed 8/29/ 16; Answer to Amended Complaint with New Matter, filed 9/16/16; Notes of Testimony ("N.T.") Hearing re Defendant's Motion to Quash Plaintiff's Subpoenas and for

Protective Order 1/14/16, at 11-12, 13; Appellant's Response to the Superior Court's Order to Show Cause Why this Appeal Should not be Quashed ("Response")filed 3/13/17, at 11).

[Appellee] served its first set of requests for production of documents on January 21, 2016, and attempted to take [Appellant's] deposition on June 29, 2016. As a result of [Appellant's refusal to provide her income tax returns for the tax years 2013 through 2015 based on relevancy and her refusal to answer some of the questions at her deposition, also based on relevancy, [Appellee] filed a motion to compel responses to defendant's first set of request for production of documents addressed to plaintiff on May 4, 2016, and a motion to compel answers pursuant to Pennsylvania Rule of Civil Procedure 4019(b) on July 22, 2016. A discovery master reviewed the motions, [Appellant's] responses and made recommendations to the court.

The undersigned issued an order granting [Appellee's] motions on January 24, 2017. [Appellant] filed a notice of appeal from that order on January 27, 2017. The undersigned issued a second order granting [Appellee's] motions on January 27, 2017, docketed on January 30, 2017, revising dates and vacating the January 24, 2017 order. On February 8, 2017, [Appellant] filed a notice of appeal from the January 27, 2017 order and sought to withdraw the first appeal. The Superior Court discontinued [Appellant's] first appeal on February 13, 2017. On February 21, 2017, the undersigned ordered [Appellant] to file a concise statement of errors complained of on appeal ("Statement") pursuant to Pa.R.A.Pa.1925(b). [Appellant] filed her Statement on the same day.

─────

[2] 26 U.S.C. § 7434 Civil damages for fraudulent filing of information returns.

Trial Court Opinion, filed 3/9/18, at 1-5.

In her brief, Appellant presents the following Statement of Questions

Involved:

    I.    Whether or not the trial court erred by ordering the production of Appellant's 2013 through 2015 tax returns and requiring [ ] Appellant to re-appear for her deposition [?]

II.     Whether or not [] Appellant's income tax returns for 2013, 2014 and 2015 are relevant to whether the Appellee issued a fraudulent W-2 tax return for 2014 which included a false address for [ ] Appellant, and improperly withheld taxes?

III.    Whether or not [ ] Appellee meets the test of high standards of relevancy before [ ] Appellant be required to produce her 2013 through 2015 tax returns[?]

Appellant's Brief at 11 (unnecessary capitalization omitted).  As Appellant's issues are interrelated, we consider them together and begin with our standard of review:

> Orders regarding discovery matters are subject to the discretion of the trial court. **McNeil v. Jordan**, 586 Pa. 413, 894 A.2d 1260 (2006) ... An appellate court will not disturb discovery orders without a "showing of manifest, unreasonableness, partiality, prejudice, bias, ill will, or such lack of support in the law or record for the [trial court's action] to be clearly erroneous." **Samuel-Bassett v. Kia Motors, Inc.**, 613 Pa. 371, 34 A.3d 1, 51 (2011).

**Hill V. Kilgallen**, 108 A.3d 934, 941 (Pa.Super. 2015).

The trial court urges this Court to quash Appellant's appeal because the discovery order is not appealable as a collateral order. Trial Court Opinion, filed 3/9/18, at 11.  Therefore, before we address the merits of Appellant's claims, we first must determine whether the January 27, 2017, Order is an interlocutory order.

In a *Per Curiam* Order entered on March 3, 2017, this Court noted the interlocutory nature of the January 27, 2017, Order and directed Appellant to show cause as to why this appeal should not be quashed.  Appellant filed her "Response to Order to Show Cause Why this Appeal Should not be Quashed"

on March 13, 2017, and in a subsequent *Per Curiam* Order filed on March 15, 2017, this Court discharged the rule to show cause and permitted the appeal to proceed. We further advised the parties that the issue may be revisited by the panel ultimately assigned to hear this case.

Typically, only a final order of a government unit or trial court may be appealed to an appellate court. Pa.R.A.P. 341(a). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).[1] "Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation." *Pilchesky v. Gatelli*, 12 A.3d 430, 435 (Pa.Super. 2011). The January 27, 2017, Order is not a final order under Rule 341 because it does not dispose of all claims and of all parties, nor is it appealable as of right pursuant to Pa.R.A.P. 311.[2] In addition, Appellant did not ask for or receive permission to appeal the Order pursuant to Pa.R.A.P. 312, which provides for appeals from interlocutory orders by permission.

Because the January 27, 2017, Order is not a final order, we next examine whether it is otherwise appealable under the collateral order doctrine. *See* Pa.R.A.P. 313. Under Rule 313(a) of the appellate rules, "[a]n appeal

---

[1] Rule 341 also defines a "final order" as any order "entered as a final order pursuant to [Pa.R.A.P. 341(c)]." Pa.RA.P. 341(b)(3).
[2] Pa.R.A.P. 311 enumerates the types of orders that are appealable as of right, despite being interlocutory; discovery orders are not included among them.

may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). A "collateral order" is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The Pennsylvania Supreme Court construes the collateral order doctrine narrowly and insists that each of its three prongs be "clearly present" before collateral appellate review is allowed. **Shearer v. Hafer**, ___ Pa. ___, 177 A.3d 850, 858 (2018) (citations omitted).

The first prong of the collateral order doctrine examines whether the Order is separable from the main cause of action. "If the resolution of an issue concerning a challenged trial court order can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable for purposes of determining whether the order is a collateral order pursuant to Rule 313." **Commonwealth v. Dennis**, 580 Pa. 95, 106, 859 A.2d 1270, 1277–78 (2004). As we shall discuss in more detail *infra*, the January 27, 2017, Order is not separable from the main cause of action because an analysis of the merits of the underlying dispute as to whether Federal and Pennsylvania taxes were properly withheld from the 2014 settlement proceeds necessitates the discoverability of Appellant's financial information for the relevant time period.

The second prong concerns whether the right is too important to be denied review. An issue is important under Rule 313 if the issue implicates rights that are deeply rooted in public policy and impacts individuals other than those involved in the litigation of that case. "For purposes of defining an order as a collateral order under Rule 313, it is not sufficient that the issue be important to the particular parties. Rather ... it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." ***McIlmail v. Archdiocese of Philadelphia***, 2018 WL 2731404 at *4 (Pa.Super. June 7, 2018) (citation omitted).

Appellant baldly asserts in her "Response to Order to Show Cause Why this Appeal Should Not Be Quashed" that "the privacy interest of her income tax returns raises important public policy concerns." ***Id***. at 12. In her brief, Appellant objects to the discovery of her tax returns for 2013-2015 and any queries thereon at her deposition as irrelevant on the basis that she has not put her income in dispute; rather, she views the relevant consideration as whether Appellee improperly withheld taxes from her settlement check. Appellant's Brief at 22-25.

To the contrary, Appellee argues that a review of Appellant's pertinent tax information "goes to the heart of the issue in dispute-whether Federal and Pennsylvania taxes were properly withheld from Ms. Riley's 2014 settlement proceeds." Brief for Appellee at 13. Appellee posits that while Appellant's income may be immaterial, Appellee still has the right to discover information

which may be gleaned only from the requested tax returns, such as whether she actually paid taxes on the settlement proceeds it provided to her, the information it provided to Appellant on her tax forms was correct, and the purportedly erroneous information was material to her tax filings. Brief for Appellee at 15-16. Appellee concludes that the trial court's order properly compelled Appellant to reappear for a deposition to answer questions related to her tax returns. *Id*. at 16-17.

The trial court states the discovery requests and questions regarding Appellant's 2013 through 2015 tax returns are relevant under Pa.R.C.P. 4003.1(a)(b), as they are not being sought to ascertain Appellant's personal financial worth. *Id*. at 6, 10.[3] The trial court reasons:

_____

[3] That rule, entitled "Scope of Discovery Generally. Opinions and Contentions" reads as follows:

> (a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

> (b) It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

- 8 -

[a]t the heart of this matter is a fundamental disagreement as to whether the proceeds of [Appellant's] 2014 settlement are subject to Federal and Pennsylvania taxation. [Appellant's] statement "Appellant's tax returns for 2013 to 2015 is not determinative of whether [ ] Appellee issued a fraudulent information return" (response at 11) misses the mark. Perhaps, as Counsel also argues, the information is obtainable in other forms, however, such is not the test.[4] The appropriate question here is whether the court's order granting [Appellee's] motion to compel discovery requests for [Appellant's] tax returns for the years 2013 through 2015 is separable and collateral to the main causes of action, breach of the 2014 settlement agreement and tax fraud. Specifically, terms of the settlement agreement required [Appellee] to deduct all applicable withholding taxes and payroll deductions from the payment for claims for lost wages. Upon review, the undersigned concludes that there is a common thread connecting [Appellant's] 2013 through 2015 tax returns to the subject matter of the claims she has brought against [Appellee].

____
[4] In Appellant's Response to Order to Show Cause Why This Appeal Should Not Be Quashed filed on March 13, 2017, Counsel raises for the very first time that [Appellant's] tax returns contain private and confidential information, including investment matters, which are unrelated to this case. (*See* Response at 3). This argument was not raised in the trial court.

*Id*. at 10-11.

We agree, for a review of Appellant's tax returns may lead to relevant information necessary to the resolution of the underlying dispute, and, thus, the Order compelling their production and Appellant to answer questions with

Pa.R.C.P. No. 4003.1

regard thereto at her deposition is not separable from and collateral to the main cause of action.

Appellant also does not satisfy the third prong of the test requiring that if review is postponed until after final judgment, her claim will be irreparably lost. Appellant baldly avers that once the "putatively protected" "confidential information" is disclosed, there is no effective means of review, as the confidentiality of such information is irreparably lost. Appellant does not, however, assert that her personal tax returns are privileged. *See Rhodes v. USAA Cas. Ins. Co.*, 21 A.3d 1253, 1258 (Pa.Super. 2011) (noting that "[g]enerally, discovery orders involving purportedly privileged material are appealable" under the collateral order doctrine). Moreover, Appellant would not be precluded on appeal to this Court following the trial court's decision on the merits of the underlying proceedings from again arguing the trial court erred in granting the motion to compel discovery. Indeed, this Court would be "more likely to decide a question correctly after judgment, where it may consider the claim in the context of a complete adjudication and a fully developed record." *Rae v. Pa. Funeral Drs. Ass'n*, 602 Pa. 65, 79, 977 A.2d 1121, 1130 (2009).

Thus, we cannot conclude the January 27, 2017, Order is separable from and collateral to Appellant's underlying cause of action. Because Appellant has failed to satisfy any element of the collateral order doctrine, we quash this appeal as interlocutory.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/18