J-S51001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SEAN BURKE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRADEX INTERNATIONAL, INC. AND | : | No. 75 MDA 2020 |
| DURALUX FINISH, INC. | : | |

Appeal from the Order Entered December 17, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
19-1183

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 17, 2021**

Sean Burke (Appellant) appeals *pro se* from the order of December 17, 2019, sustaining the preliminary objections of Tradex International, Inc. (Tradex) and Duralux Finish, Inc. (Duralux), dismissing Appellant's motion to strike preliminary objections as untimely, and dismissing Appellant's complaint.  He also purports to appeal from a second order issued December 19, 2019, which denied his motion for an *in camera* review of a third party's medical records.  We affirm in part, vacate in part, and remand.

Appellant filed the complaint on March 29, 2019, alleging several common-law tort and product liability claims against Tradex and Duralux. Complaint, 3/29/19, at 4-16.  Appellant averred that he suffered psychological injuries and emotional harm after ingesting human blood on his drinking cup and food tray at SCI Rockview.  Appellant alleged a fellow inmate, who was

working as a dietary worker, cut himself on a defective cup (allegedly manufactured by Duralux), causing a rubber glove (allegedly manufactured by Tradex), to break, and resulting in the worker's blood getting on several cups and trays used by the inmates, including Appellant. *Id.* at 1-3.

Appellant served the complaint on Duralux on or about April 15, 2019. On May 17, 2019, Appellant filed a notice of intent to praecipe to enter judgment by default. That same day, counsel entered an appearance on behalf of Duralux, and filed an answer and new matter.[1] On July 1, 2019, Appellant filed preliminary objections in the form of a motion to strike Duralux's answer and new matter as untimely.

Appellant had difficulty serving Tradex. A first attempt at service was made on an address in Cleveland, Ohio. The Sheriff's return indicates it was marked, "Moved, Left no Address." Sheriff's Return of Service, 5/8/19. A second attempt at service was made on an address in Fresno, California. The Sheriff's return indicates Tradex was not at the California address, and they received a telephone call from someone who told them Tradex no longer existed; the return concluded, "received certified mail return receipt back without envelope, but it is not signed by anyone. Unsure if paperwork was actually delivered." Sheriff's Return of Service, 6/20/19. Appellant had the

---

[1] Duralux countered Appellant was suing the wrong company. Duralux averred it is a manufacturer of wood products, not plastic cups, and has no relationship to the company that manufactures the cups. Answer and New Matter, 5/17/19, at 6.

- 2 -

complaint reissued on June 21, 2019. The complaint was ultimately served on Tradex at an address in Elwood, Illinois on July 8, 2019. Sheriff's Return of Service, 7/11/19. On July 12, 2019, Appellant filed a notice of intent to praecipe to enter judgment by default against Tradex. On July 29, 2019, counsel for Tradex entered an appearance and filed preliminary objections in the nature of a demurrer. Appellant filed preliminary objections in the form of a motion to strike Tradex's preliminary objections as untimely.

On October 21, 2019, Appellant filed a motion seeking *in camera* review of a third party's medical records, referencing as the third party, the dietary worker who bled onto the eating utensils.

Oral argument on the motions took place on November 20, 2019. On December 17, 2019, the trial court issued the following order, which reads in pertinent part:

1.      Defendant Tradex's Preliminary Objections to Plaintiff's Complaint are **SUSTAINED.**

2.      [Appellant]'s Preliminary Objections and or Motion to Strike Defendant Tradex's and/or its successor company's Preliminary Objections to the Complaint as untimely filed are **OVERRULED.**

3.      [Appellant]'s Preliminary Objections and or Motion to Strike Defendant Duralux Finish Inc.'s Answer to [Appellant]'s Complaint and New Matter as untimely filed are **OVERRULED.**

4.      [Appellant]'s Complaint is **DISMISSED.**

Order, 12/17/20, at 1-2. Two days later, the court issued a separate order denying Appellant's motion for *in camera* review of a third party's medical records. This timely appeal followed.[2]

Appellant raises eight issues for our review:

[I.] Did the [trial] court abuse its discretion by failing to grant the Appellant's preliminary objections and or motion to strike the preliminary objections of [Tradex] as untimely filed?

[II.] Did the [trial] court abuse its discretion by granting [Tradex's] preliminary objections based upon arguments not raised within their asserted preliminary objections, contrary to Rule 1032 (a) of the Pa. Rules of Civil Procedure, specifically the argument of inadequate service of process of the complaint on June 11, 2019, as substantiated by the Sheriff's return of service of June 20, 2019?

[III.] Did the [trial] court abuse its discretion by failing to consider that a representative of [Tradex], and or its successor company, namely a Mr. Mathew Brady, personally contacted Ms. Anna Yecina of the Centre County Sheriff's office on June 11, 2019, regarding the service of the Appellant's complaint?

[IV.] Did the [trial] court abuse its discretion by failing to grant the Appellant's preliminary objections and or motion to strike the answer and new matter of [Duralux], incorporated as untimely filed?

[V.] Did the [trial] court abuse its discretion by failing to consider the documented exhibits presented which substantiated that [Duralux] failed to timely serve their answer and new matter?

_____

[2] Simultaneously with his notice of appeal, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 21, 2020, the trial court issued a three-page opinion, which contains statements of fact which are not supported by the record. 1925(a) Opinion, 1/21/20, at 2-3.

[VI.] Did the [trial] court abuse its discretion by failing to grant the Appellant's motion for *in camera* review of the laboratory test results of [a third party], to determine if he in fact has tested positive for any communicable blood diseases?

[VII.] Did the Prothonotary abuse its discretion when it failed to enter default judgment against [Tradex], when they failed to timely file their response to the complaint?

[VIII.] Did the Prothonotary abuse its discretion when it failed to enter default judgment against [Duralux], when they failed to timely file their answer to the complaint?

Appellant's Brief at IX (unnecessary capitalization omitted).[3]

In his first issue, Appellant maintains the trial court erred in failing to strike Tradex's preliminary objections as untimely. Appellant's Brief at 7-8. We disagree.

Pennsylvania Rule of Civil Procedure 1026(a) provides "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading. . . ." "However, this Rule has been interpreted as permissive rather than mandatory. It is left to the sound discretion of the trial court to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires." ***Connor v. Crozer Keystone Health Sys.***, 832 A.2d 1112, 1118 (Pa. Super. 2003) (citation omitted). "Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly

_____

[3] We reordered Appellant's issues for ease of disposition.

followed." ***Trexler v. McDonald's Corp.***, 118 A.3d 408, 412 (Pa. Super. 2019) (citation omitted).

Here, service was first attempted in April 2019. However, Appellant did not provide the correct address and service was unsuccessful. Sheriff's Return of Service, 5/08/19. Service at a second address was next attempted in June 2019, and, based upon the certified mail receipt, which was unsigned, the sheriff was unable to determine if the paperwork was delivered, and again, it appeared the address Appellant provided was incorrect. Sheriff's Return of Service, 6/20/19. Ultimately, Tradex was served at a third address on July 8, 2019. Sheriff's Return of Service, 7/11/19. Tradex filed preliminary objections on July 29, 2019, the twentieth day.[4]

We are unpersuaded by Appellant's assertion we should rely on the June 7, 2019 conversation between the Sheriff's Office and a person named Matthew Brady to find that service was perfected in June 2019. We have reviewed the Sheriff's Return of Service. It is not clear who Matthew Brady is and what relationship, if any, he had with Tradex; it is also unclear whether he was authorized to accept service on behalf of Tradex. The record only indicates that Matthew Brady informed the Sheriff's Department that the California address did not belong to Tradex. Sheriff's Return of Service, 6/20/19. This information is insufficient to demonstrate that service of

---

[4] July 28, 2019 was a Sunday.

process occurred in June 2019. *See Trexler*, *supra* at 413-14 (finding service of process improper where plaintiff could not show person who accepted complaint was authorized to accept service on behalf of defendant). Appellant's actions in reissuing the complaint on June 21, 2019 and having service sent to a different address, demonstrate his awareness Tradex had not been served previously. Appellant's first issue does not merit relief.

In his second issue, Appellant argues the trial court erred in granting Tradex's preliminary objections which resulted in dismissal of the complaint in its entirety.[5] Appellant's Brief at 10-11. Upon review, we agree.

Our standard of review from the trial court's order grant of preliminary objections in the nature of a demurrer and dismissing Appellant's complaint is well-settled. We must:

> determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings

_____

[5] As noted above, Duralux did not file a brief. While Tradex filed a brief, it did not address the grant of its preliminary objections, stating it did not perceive Appellant to be challenging the grant of the preliminary objections, which resulted in the dismissal of the complaint against both Duralux and Tradex. Tradex's Brief at 1, n.1. We disagree. While Appellant's argument is not artfully phrased, he does challenge the grant of preliminary objections resulting in dismissal. Appellant's Brief at 10-11. Moreover, given the errors in the trial court's opinion, and its failure to discuss why it granted the preliminary objections, any confusion on the part of Appellant is understandable.

are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Estate of Denmark ex rel. Hurst v. Williams*, 117 A.3d 300, 305 (Pa. Super. 2015) (citations omitted).

Instantly, we are unable to determine the basis for the trial court's dismissal of the complaint against Duralux. In its opinion, the trial court twice states Duralux filed preliminary objections on July 29, 2019. Trial Ct. Op. at 2-3. This is incorrect. **Tradex** filed preliminary objections on July 29, 2019. On July 30, 2019, Duralux filed a response to Appellant's motion to strike answer and counterclaim. Duralux could not file preliminary objections because they filed an answer and new matter in May 2019. Thus, there is no basis in the record for the trial court's *sua sponte* dismissal of the complaint against Duralux.

Tradex, on the other hand, did file preliminary objections in the nature of a demurrer on July 29, 2019. Those preliminary objections did not raise a claim of improper service; Tradex only challenged the legal sufficiency of Appellant's claims. Tradex's Preliminary Objections to the Complaint, 7/29/19, at unnumbered page 1-11.

In its December 19, 2019 order, the trial court does not address why it dismissed the complaint, and does not specify whether it dismissed the

complaint with or without prejudice. We are unable to discern the basis of the trial court's dismissal of the complaint against Tradex. While the trial court appears to acknowledge Tradex did not raise the issue of improper service in its preliminary objections, the court also appears to imply it would not be an abuse of its discretion for it to find improper service. Trial Ct. Op. at 2. At no point does the court explain why it dismissed the complaint. *Id.* at 1-3.

Given that the trial court's three-page opinion focuses on the service issues, it is reasonable for Appellant to perceive that the court dismissed the complaint based on improper service. If so, the court erred, because the complaint was properly served on both parties. If not, the trial court should have explained its reasons for concluding that the complaint was legally insufficient, including its reasons for dismissing the complaint against Duralux when Duralux never sought dismissal. *See* Pa.R.A.P. 1925(a) ("the judge who entered the order . . . if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings . . . or shall specify in writing the place in the record where such reasons may be found."). We emphasize it is not this Court's role to guess why the trial court granted preliminary objections. We have explained the purpose of a trial court opinion "is to provide the appellate court with a statement of reasons for the order ... entered ... to permit effective and meaningful review of the lower court decisions." *Commonwealth v. Hood*, 872 A.2d 175, 178 (Pa. Super. 2005).

Accordingly, on the record before us, we are constrained to conclude the trial court's dismissal of the complaint was improper, and vacate that portion of the December 19, 2019 order.

In his third issue, Appellant states the trial court abused its discretion by disregarding certain evidence concerning the service of the complaint on Tradex. Appellant's Brief at 12-13. Specifically, Appellant contends the trial court ignored the June 20, 2019 Sheriff's Return of Service and erred by not allowing him to call Anna Yecina to testify about her telephone conversation with Matthew Brady. *Id.*

Initially, Appellant has failed to cite to the transcript to demonstrate he sought to call Anna Yecina as a witness and the trial court denied his request. It is not this court's responsibility to comb through the record seeking the factual underpinnings of Appellant's claim. *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997). Accordingly, we find this claim waived.

In the absence of waiver, we note Appellant has failed to explain the basis for his conclusion that Anna Yecina's testimony was admissible. "The Pennsylvania Rules of Evidence define 'hearsay' as an out of court statement offered in court for the truth of the matter asserted. . . . Generally, hearsay is inadmissible at trial unless it falls under an exception provided by the Rules." *Carlinia v. Glenn O. Hawbaker, Inc.*, 219 A.3d 629, 640 (Pa. Super. 2019) (citation omitted). Here, Appellant sought to have Anna Yecina testify to

statements made by Matthew Brady, and sought to have them admitted for the truth of matter asserted, which would be inadmissible hearsay. Thus, Appellant's third issue lacks merit.

In his fourth and fifth issues, Appellant avers the trial court erred in failing to strike Duralux's answer and new matter as untimely, and in disregarding the exhibits which substantiated his claim. Appellant's Brief at 8-9, 14-16. We disagree.

As recited above, we review this claim for an abuse of discretion. **Connor**, **supra** at 1118. Here, it appears Duralux received the complaint on or about April 15, 2019.[6, 7] Thus, they had until May 6, 2019,[8] to file their answer and new matter. Counsel for Duralux entered his appearance and filed an answer and new matter on May 17, 2019, some 11 days late; the same day, Appellant filed his notice of intent to praecipe to enter judgment by

_____

[6] It is not entirely clear when Duralux received the complaint. Appellant, acting *pro se*, gave the complaint to prison officials for certified mailing on April 8, 2019. Duralux is located in Colorado. The Sheriff mailed the complaint by certified mail on or about April 22, 2019. The return card is undated, but was mailed back to Appellant on April 15, 2019.

[7] The trial court incorrectly found that Duralux was served on July 8, 2019. Trial Ct. Op. at 2. Our review of the record, as described above, shows Duralux was served with the complaint in April 2019 and filed an answer and new matter in May 2019. However, "we are not limited by the trial court's rationale and we may affirm on any basis." **Blumenstock v. Gibson**, 811 A.2d 1029, 1033 (Pa. Super. 2002), *appeal denied*, 828 A.2d 349 (Pa. 2003) (citations omitted).

[8] The twentieth day, May 5, 2019, was a Sunday.

default against Duralux. Thus, it is evident Duralux did not file its answer and new matter within the twenty days contemplated by Pa.R.Civ.P. 1026(a). However, as we discussed in **Connor**, Rule 1026(a) should be interpreted, "as permissive rather than mandatory." **Connor**, **supra** at 1118. Appellant has not explained how he was prejudiced by an eleven-day delay in the filing of Duralux's answer and new matter. Appellant's Brief at 8-9. Moreover, given Duralux's claim Appellant sued the wrong company, justice militates in favor of Duralux's filing. **Id.** In sum, absent a showing of prejudice, **see id.** at 1118-19, we have no basis to find the trial court abused its discretion in determining that Duralux timely filed its answer and new matter, and overruling Appellant's motion to strike. **Id.** at 1119 (affirming trial court's refusal to strike defendants' preliminary objections as untimely where some were filed months after filing of complaint, but plaintiff failed to demonstrate prejudice). Appellant's fourth and fifth issues lack merit.

In his sixth issue, Appellant asserts the trial court erred in failing to grant his motion for *in camera* review of a third party's medical records. Appellant's Brief at 17-19. Again, we disagree.

Our standard of review is as follows:

> Orders regarding discovery matters are subject to the discretion of the trial court. . . . An appellate court will not disturb discovery orders without a showing of manifest, unreasonableness, partiality, prejudice, bias, ill will, or such lack of support in the law or record for the [trial court's action] to be clearly erroneous.

*Hill v. Kilgallen*, 108 A.3d 934, 941 (Pa. Super. 2015) (citations and quotation marks omitted).

> The factors which should be considered in deciding whether an intrusion into an individual's privacy is justified are the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury for disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Buckman v. Verazin*, 54 A.3d 956, 961 (Pa. Super. 2012), *appeal denied*, 77 A.3d 1258 (Pa. 2013).

Appellant sought the medical records of the dietary worker whose blood got on the eating utensils. Appellant does not allege he became infected with a communicable disease as a result of this incident; in fact, he states he tested negative for blood-borne diseases. Appellant's Complaint at 1-3. In addition, the issue of whether the bleeding individual had a communicable disease is irrelevant with respect to the negligence and product liability claims against Tradex and Duralux. Lastly, as Appellant had no idea at the time of the incident whether the individual had a disease, the records are irrelevant to his claims of emotional harm. The individual has a strong privacy right in his records, and the trial court did not abuse its discretion in declining to violate that right. *See Lyke v. Yates*, 77 A.3d 27, 32 (Pa. Super. 2013) (holding trial court did not err in denying motion to compel disclosure of third-party medical records, where patients have strong privacy interest in such records,

and records were irrelevant to meeting burden of proof in negligence action against doctor), *appeal denied*, 92 A.3d 812 (Pa. 2014); **Buckman**, **supra** at 964 (reversing trial court's order granting motion to compel discovery of third-party medical records).  Appellant's sixth issue does not merit relief.

Finally, in his seventh and eighth issues, Appellant argues the Centre County Prothonotary erred in failing to enter default judgments against Tradex and Duralux.  Appellant's Brief at 19-20.  We disagree.

The Pennsylvania Rules of Civil Procedure provide:

> The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend or, except as provided by subdivision (d), for any relief admitted to be due by the defendant's pleadings.
>
> > *Note:* See Rule 237.1 which requires the praecipe for default judgment to contain a certification of written notice of intent to file the praecipe.

Pa.R.Civ.P. 1037(b) and note.  Our Rules of Civil Procedure further provide:

> (2) No judgment of *non pros* for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> * * * *
>
> > (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.
>
> * * * *
>
> (3) A copy of the notice shall be attached to the praecipe.

(4) The notice and certification required by this rule may not be waived.

Pa.R.Civ.P. 237.1(a)(2)(ii), (3) and (4).

"The interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law.  Accordingly, to the extent that we are required to interpret a rule of civil procedure, our standard of review is *de novo*, and our scope of review is plenary." **Keller v. Mey**, 67 A.3d 1, 5 (Pa. Super. 2013) (citation omitted).

As discussed above, Appellant's notice of intent to praecipe to enter judgment by default against Tradex was premature, as he filed it on July 12, 2019, approximately four days after Tradex received the complaint, and Tradex answered the complaint in a timely fashion.  Thus, there was no basis for Appellant's notice of intent to praecipe to enter judgment by default, and no basis for entry of default judgment.  **See** Pa.R.Civ.P. 1037(b).  Appellant's seventh issue does not merit relief.

As to Duralux, while Appellant's notice of intent to praecipe to enter judgment by default against Duralux was timely, Duralux filed a response within the 10-day period.  We explained above that we agree with the trial court's conclusion that the answer and new matter were timely.  Also, while Appellant filed the notice of intent, he never actually filed the praecipe to enter judgment after the ten-day time period passed.  Therefore, there was no basis

for the Prothonotary to enter default judgment. **See** Pa.R.Civ.P. 1037(b). Appellant's eighth issue lacks merit.

Accordingly, for all of the above reasons, we affirm in part, vacate the dismissal of the complaint, and remand for further proceedings consistent with this decision.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021